Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4754 | **DATE** | 12/27/2002 |
| **CASE TITLE** | Dorothy Jean Burden Meeks vs. Dwight Welch, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Accordingly defendants' current summary judgment motion must be and is denied. Defense counsel are therefore ordered to file an appropriately supported memorandum on or before January 13, 2003 to explain why in their view no such fee-shifting award should be made. (68-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | DEC 27 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 67 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 12/27/2002 | | |
| SN | courtroom deputy's initials | 02 DEC 27 PM 1:59 | date mailed notice SN mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOROTHY JEAN BURDEN MEEKS )
and SHERYL PEREZ, )
)
        Plaintiffs, ) No. 99 C 4754
)
  v. ) Judge Shadur
)
DWIGHT W. WELCH and CITY OF )
COUNTRY CLUB HILLS, )
)
        Defendants. )

<u>MEMORANDUM OPINION AND ORDER</u>

This action is a bit under 3-1/2 years old. Whether because of the highly contentious manner in which this Court has observed the parties to have conducted discovery and other pretrial preparation or for other reasons, it is one of only three cases of comparable vintage on this Court's calendar that are neither set for trial nor ready for trial. Yet defense counsel, instead of moving in that direction with a goal of early final disposition, have now filed a baseless Fed. R. Civ. P. ("Rule") 56 motion for summary judgment.

"Baseless" is a term used advisedly here. What defense counsel have submitted is essentially an advocate's trial brief that is predicated on <u>their</u> version of the facts, rather than viewing the litigation from the required Rule 56 perspective of the nonmovant plaintiffs' evidence buttressed by all reasonable favorable inferences drawn from that evidence. Although this Court has now been supplied with plaintiffs' factual and legal

67

response to the Rule 56 motion and not with a reply to that response by defendants, the very nature of Rule 56 jurisprudence is that a nonmovant's identification of genuine issues of material (that is, outcome-determinative) facts cannot be undone by a reply -- after all, any such attempted elimination of contested factual issues would equate to the impossible task of stuffing already scrambled eggs back into the eggshell.

It is unnecessary to repeat here the ample and persuasive reasons that have been set out in plaintiffs' response: They critically include an abundance of important additional facts that had to have been known to defense counsel in consequence of the discovery in the case, facts that could readily be credited by a factfinder to return a verdict for plaintiffs but that have been ignored totally in defendants' Rule 56 presentation. And of course it is irrelevant that defendants' version of the facts differs from plaintiffs', for such differences of view are what make for both horse races and jury trials.

Accordingly defendants' current summary judgment motion must be and is denied. Moreover, the obviousness of the factual disputes, and of their unquestionably fatal impact on any disposition short of trial, appear to make this situation a potential candidate for the imposition of the fee-shifting sanctions that are permitted under 28 U.S.C. § 1927 for vexatious detours and consequent delay that are occasioned by counsel.

Defense counsel are therefore ordered to file an appropriately supported memorandum on or before January 13, 2003 to explain why in their view no such fee-shifting award should be made.

_____
Milton I. Shadur
Senior United States District Judge

December 27, 2002

G:\99c4754MMO.wpd