

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4754 | **DATE** | ½/2003 |
| **CASE TITLE** | Dorothy Jean Burden-Meeks, et al vs. Dwight W. Welch, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this Memorandum Order. Plaintiff's motion for partial reconsideration and Defendant's motion to sever are both denied. (62-1, 63-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 03 2003 date docketed | 68 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/2/2003 date mailed notice | |
| SN | courtroom deputy's initials | 03 JAN -2 PM 4:08 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOROTHY JEAN BURDEN-MEEKS, et al., )
)
        Plaintiffs, )
)
v. ) No. 99 C 4754
)
DWIGHT W. WELCH, et al., )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

Two motions by the parties to this action remain on the computerized printout of "Pending Motions":

    1. Plaintiffs' Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order Dated December 2, 2002; and

    2. Defendant's Motion To Sever.

For the reasons stated in this Memorandum Order, both motions are denied.

First as to plaintiffs' motion, this Court has listened to the taped recording of the motion hearing of September 24, 2002, and particularly to the portion of that recording (Tr. 8:12 to 9:12) that was the predicate for this Court's December 2 ruling in which it denied plaintiff's motion to strike the belatedly-filed report by defendant Welch's counter-expert Professor Michael Pagano. In that respect, the typewritten version of Tr. 9:10 to 9:12 by this Court's able court reporter Jesse Andrews reads:



> Mr. Karsh: Three weeks to a month would be
> fine find [sic - an obvious error in
> transcription] with respect to an expert to
> respond to Drubben [sic - should be
> "Drebin"]. That expert report, like the
> report we discussed last time.

This Court's review of the tape confirms that what plaintiffs' attorney Joshua Karsh actually said did not (as he now contends) come to a period -- what the British call a "full stop" -- after the word "fine," but rather that the next part of the transcript reading "with respect to an expert to respond to [Drebin]" was a continuation of the same sentence. That being the case, this Court was well within its discretion in having understood that response as an agreement by plaintiffs' counsel to Welch's submission of a responsive report authored by his own designated finance expert. Thus plaintiffs' motion for reconsideration, based as it is on attorney Karsh's different recollection of what he said during the September 24, 2002 proceeding, must be and is denied.

It must be recognized, to be sure, that this Court broke into the middle of attorney Karsh's statement when it interrupted him at Tr. 9:13. It is therefore impossible to know just what he had planned to go on to say. But it seems difficult to reconcile attorney Karsh's statement that "three weeks to a month would be fine with respect to an expert to respond to [Drebin]" with his going on to assert that any response at that time by such an expert would be subject to being stricken as untimely. If that

2

were so, just what was he referring to as being "fine," if not what Walch's counsel had just stated at Tr. 9:1 to 9:8?

As for defendant Welch's motion to sever, this Court simply confirms its oral statement, made at the time the motion was initially presented, that any proposed severance of the trial so that plaintiffs would have to conduct two separate trials -- one as to the individual defendant and the other as to the municipal defendant -- is denied. As this Court further stated during that initial presentment, however, it will entertain the possibility of severing the punitive damages issue at the time of trial, to be considered separately by the same jury if it responds affirmatively to an instruction and verdict form that deals with the elements that are a precondition to a possible award of such damages (but that does not address the actual award or its quantification).

_____
Milton I. Shadur
Senior Untied States District Judge

Dated:    January 2, 2003

G:\burden3.wpd